UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

U.S. BANK TRUST, N.A.,

                              Plaintiff,

                                                      17-CV-0173
v.                                                    (GTS/CFH)

BRIAN VALADE; and NICOLE VALADE,

                              Defendants.
_____

APPEARANCES:                               OF COUNSEL:

GROSS POLOWY LLC                           STEPHEN J. VARGAS, ESQ.
  Counsel for Plaintiff
900 Merchants Concourse
Suite 412
Westbury, NY 11590

BRIAN VALADE
  Defendant, *Pro Se*
805 Old Schaghticoke Road
Schaghticoke, NY 12154

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this real property foreclosure action arising under diversity

jurisdiction and filed by U.S. Bank Trust, N.A. ("Plaintiff") against Brian Valade ("Defendant B.

Valade"), and Nicole Valade ("Defendant N. Valade"), are Plaintiff's motion for default

judgment against Defendant N. Valade pursuant to Fed. R. Civ. P. 55(a), and Local Civil Rule

55, and Plaintiff's motion for summary judgment against Defendant B. Valade pursuant to Fed.

R. Civ. P. 56.  (Dkt. No. 41.)  For the reasons stated below, both Plaintiff's motion for summary

judgment and motion for default judgment are denied without prejudice.

## I.      RELEVANT BACKGROUND

### A.      Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint alleges as follows: (1) on October 6, 2006, Defendants executed and delivered a note ("Note") to secure a sum of $67,300.00 plus interest; (2) that same day, Defendants executed and delivered a mortgage ("Mortgage") in the amount of $67,300.00 for a lien on the property located at 805 Old Schaghticoke Road, Schaghticoke, New York 12154, which was recorded on October 11, 2006, at the Rensselaer County Clerk's Office; (3) on January 15, 2007, the Note and Mortgage of October 11, 2006, were consolidated by agreement  to form a single lien of $191,887.69 plus interest for a lien on the property located at 805 Old Schaghticoke Road, Schaghticoke, New York 12154, which was recorded on February 27, 2007, at the Rensselaer County Clerk's Office; (4) the consolidated Mortgage was subsequently assigned to Plaintiff as Trustee for the LSF8 Master Participation Trust; (5) Plaintiff is in physical possession and is the owner and holder of the Note and Mortgage, and any applicable recording tax was duly paid at the time of recording; (6) Defendants failed to comply with the terms and provisions of the modified Mortgage by failing to make monthly payments due on April 19, 2013, and the default continues to date; and (7) Plaintiff has complied with the contractual provisions of the loan documents by issuing the proper Default Notices under New York Real Property Actions and Proceedings Law ("N.Y. R.P.A.P.L.").  (*See generally* Dkt. No. 1.)

Generally, based on these factual allegations, Plaintiff's verified Complaint requests a Judgment declaring as follows: (1) that the amount due to Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance, and preservation of the property and other similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all

with interest, be entered on behalf of the Plaintiff; (2) that a referee be appointed to sell the property at auction to the highest bidder, in accordance with N.Y. R.P.A.P.L. Article 13; (3) that each Defendant, and all persons under them, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the mortgaged premises and each and every part and parcel thereof; (4) that the monies arising from the sale thereof may be bought into Court; (5) that Plaintiff be paid out of the sale proceeds the amount due on the Note and Mortgage, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances, and disbursements of this action; (6) that the premises may be sold in as is condition, subject to the facts of an inspection or accurate survey of the property; (7) that Plaintiff may purchase the property at sale; (8) that a receiver be appointed for the property, if requested by Plaintiff; (9) that the Court enter a deficiency judgment against Defendants, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in bankruptcy or is otherwise uncollectable, if requested by Plaintiff; (10) that other lien(s) shall not be merged into Plaintiff's cause(s) of action in the event that Defendants possess any other lien(s) against the mortgaged premises, and that Plaintiff, as a subordinate lienholder, be allowed to share in any surplus proceeds resulting from the sale; and (11) that Plaintiff be granted other and further relief as may be just and equitable. (*Id.*)

  **B.**   **Procedural History**

  On February 17, 2017, Plaintiff served the Complaint on Defendants. (Dkt. No. 1.) As of the date of this Decision and Order, Defendant N. Valade has not filed an Answer to that Complaint. (*See generally* Docket Sheet.) On March 28, 2017, Defendant B. Valade filed a *pro*

*se* Answer to Plaintiff's Complaint. (Dkt. No. 6.) On May 5, 2017, Plaintiff filed a request for entry of default against Defendant N. Valade. (Dkt. No. 13.) On May 8, 2017, the Clerk of the Court entered default against Defendant N. Valade. (Dkt. No. 14.) On January 18, 2018, Plaintiff filed a motion for default judgment against Defendant N. Valade, pursuant to Fed. R. Civ. P. 55(a) and N.D.N.Y. L.R. 55.2(a), and a motion for summary judgment against Defendant B. Valade, pursuant to Fed. R. Civ. P. 56. (Dkt. No. 24.) On April 17, 2018, Plaintiff filed a status report, informing the Court that Defendant B. Valade filed a Chapter 13 bankruptcy petition, and requested the Court hold Plaintiff's summary judgment motion in abeyance during the automatic stay imposed by 11 U.S.C. § 362. (Dkt. No. 26.) On April 18, 2018, the Court entered an order statistically closing this case until a motion to reopen the case is filed. (Dkt. No. 27.) On October 16, 2019, Plaintiff filed a motion to reopen this case. (Dkt. No.37.) On October 23, 2019, the Court granted Plaintiff's motion. (Dkt. No. 38.) On November 22, 2019, Plaintiff filed the current motions. (Dkt. No. 39.) As of the date of this Decision and Order, no Defendant has responded to either of Plaintiff's motions or attempted to cure any of the entries of default. (*See generally* Docket Sheet.)

  **C. Undisputed Material Facts**

   Unless otherwise noted, the following facts were asserted and supported with accurate citations by Plaintiff in its Statement of Material Facts and not denied by either Defendant in a response thereto.[1] (Dkt. No. 43 [Plf.'s Rule 7.1 Statement].)

---

[1] Plaintiff is respectfully reminded that, pursuant to the Court's Local Rules of Practice, Statement of Material Facts must contain *specific* citations to the record (which consist of page numbers within exhibits, or citations to numbered paragraphs, not general citations to exhibits). N.D.N.Y L.R. 7.1(a)(3) (emphasis added).

1.      Plaintiff is a national banking association with its main office located at 300 East
Delaware Avenue, 8th Floor, Wilmington, Delaware, 19809.

2.      Defendants B. Valade and N. Valade are each individual citizens of New York,
and co-owners of the property located at 805 Old Schaghticoke Road,
Schaghticoke, New York 12154.

3.      On October 6, 2006, Defendants obtained a mortgage loan ("Mortgage") from
Household Finance Realty Corporation of New York ("Household Finance") in
the amount of $185, 998.16, to purchase the property located at 805 Old
Schaghticoke Road, Schaghticoke, New York 12154.  On October 11, 2006, this
Mortgage was recorded in the Rensselaer County Clerk's Office.

4.      On January 15, 2007, Defendants entered into a Mortgage and Consolidation
Agreement with Household Finance for the real property located at 805 Old
Schaghticoke Road, Schaghticoke, New York 12154.

5.      Plaintiff is the holder of the promissory note ("Note") and Mortgage because the
Mortgage was assigned to Plaintiff on August 4, 2015.

6.      There is a default under the terms and conditions of the Note and Mortgage
because the payment of May 19, 2013, as well as subsequent payments, were not
made.

7.      In compliance with N.Y. R.P.A.P.L. § 1304, a ninety-day pre-foreclosure notice
was sent to Defendants B. Valade and N. Valade by first class and certified mail
to 805 Old Schaghticoke Road, Schaghticoke, NY 12154 (which is the last known

address of Defendant B. Valade) and to 174 Schooolhouse Road, Schoharie, NY
12157 (which is Defendant N. Valade's last known address).

8.     On August 10, 2016, Caliber Home Loans, Inc. filed notice with the
Superintendent of Financial Services (confirmation number NYS4051770), as
required under N.Y. R.P.A.P.L. § 1306(2).

9.     On October 4, 2016, a notice of default was mailed to Defendant B. Valade by
first class mail to P.O. Box 271, Shaghiticoke, NY 12154, and to Defendant N.
Valade by first class mail to 174 Schoolhouse Road, Schoharie, NY 12157.

Familiarity with the remaining undisputed material facts of this action, as well as the
disputed material facts, as set forth in Defendant's Rule 7.1 Statement, is assumed in this
Decision and Order, which (again) is intended primarily for review by the parties. (*Id*.)

   **D.     Summary of Parties' Briefing on Plaintiff's Motions**

      **1.     Plaintiff's Motion for Summary Judgment**

Generally, in support of its motion for summary judgment, Plaintiff argues as follows: (1)
it has established a prima facie case to foreclose Defendants' Mortgage under New York law by
submitting evidence of Defendants' failure to make mortgage payments, and, because Plaintiff
established a prima facie case, the burden shifts to Defendant B. Valade to make an affirmative
showing that substantiates the affirmative defenses claimed in the Answer, with evidentiary
proof; (2) Defendant B. Valade's affirmative defenses are meritless because (a) Plaintiff's
Complaint alleges a legally sufficient cause of action to foreclose a mortgage by setting forth the
existence of a note (the repayment of which is secured by a mortgage) and Defendant B. Valade
defaulted in the repayment of the Note and Mortgage, (b) Defendant B. Valade failed to

demonstrate that he made payments during his bankruptcy proceedings that were not properly credited by Plaintiff, and (c) Plaintiff complied with the requirements of N.Y. R.P.A.P.L. § 1304;[2] and (3) in addition to establishing an entitlement to recover damages under the Mortgage and Note, Plaintiff is entitled to recover its attorney's costs and disbursements in connection with the commencement and prosecution of this action.  (*See generally* Dkt. No. 41 [Plf.'s Memo. of Law].)

Defendant B. Valade has not responded to the motion, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)

### 2. Plaintiff's Motion for Default Judgment

Generally, in support of its motion for default judgment, Plaintiff argues as follows: (1) Plaintiff has established grounds for the issuance of a default judgment against Defendant N. Valade on both the issues of liability and damages; and (2)  (2) in addition to establishing an entitlement to recover damages under the Mortgage and Note, Plaintiff is entitled to recover its attorney's costs and disbursements in connection with the commencement and prosecution of this action.  (*Id.*)

Defendant N. Valade has not responded to the motion, and the deadline by which to do so has expired.  (*See generally* Docket Sheet.)

## II. RELEVANT LEGAL STANDARD

### A. Legal Standard Governing Motions for Default Judgment

---

[2]     Plaintiff is respectfully reminded that, pursuant to the Court's Local Rules of Practice, memoranda of law must contain a table of contents.  N.D.N.Y L.R. 7.1(a)(1).

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008).  "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]).  "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id*.  "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id*. (citing Fed. R. Civ. P. 55[b][2]).  "When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc*., 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted).  "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc*., 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir 1999] [citations omitted]).  "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]).  This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's

8

evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155.

Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid

cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

Under Local Rule 55.2(a) of the Local Rules of Practice for the Court, when requesting

an entry of default judgment from the Clerk of the Court, the moving party must submit (a) the

Clerk's certificate of entry of default, (b) a statement showing the principal amount due (not to

exceed the amount demanded in the Complaint and giving credit for any payments with the dates

of payments), (c) a computation of the interest to the day of judgment, (d) a per diem rate of

interest, (e) the costs and taxable disbursements claimed, and (f) an affidavit of the moving party

or the party's attorney.  N.D.N.Y. L.R. 55.2(a).  The appended affidavit must show that (a) the

party against whom judgment is sought is not an infant or incompetent person, (b) the party

against whom judgment is sought is not in military service, (c) the party against whom judgment

is sought has defaulted in appearance in the action, (d) service was properly effected under Fed.

R. Civ. P. 4, (e) the amount shown in the statement is justly due and owing and no part has been

paid except as set forth in the party's other statement, and (f) disbursements sought to be taxed

have been made in the action or will necessarily be made or incurred.  *Id.*

Under Local Rule 55.2(b), when moving for an entry of default judgment from the Court,

the moving party must submit (a) the Clerk's certificate of entry of default, (b) a proposed form

of default judgment, (c) a copy of the pleading to which no response has been made, and (d) an

affidavit of the moving party or its attorney setting forth the facts required by Local Rule 55.2(a).

N.D.N.Y. L.R. 55.2(b).

###### B.    Legal Standard Governing Motions for Summary Judgment

9

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the [non-movant]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[3]  As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant.  *Anderson*, 477 U.S. at 255.  In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact."  *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial.  Fed. R. Civ. P. 56(a), (c), (e).[4]

---

[3]     As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted].  As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

[4]     Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching number paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that non-movant is proceeding *pro se*.[5]  (This is because the Court extends special solicitude to the *pro se* litigant by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[6]  As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigant must obey a district court's procedural rules.[7]

Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically."  *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).  Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant.  *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp. 2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3).  What the non-movant's failure to respond to the motion does is lighten the movant's burden.

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported

---

[5]      *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[6]      *Cusamano*, 604 F. Supp. 2d at 426 & n.3 (citing cases).

[7]      *Cusamano*, 604 F. Supp. 2d at 426-27 & n.4 (citing cases).

by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement[8]–even where the non-movant was proceeding *pro se*.[9]

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[10]  Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden.  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . .");  *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

## III.    ANALYSIS

---

[8]     Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises.  N.D.N.Y. L. R. 7.1(a)(3).

[9]     *Cusamano*, 604 F. Supp. 2d at 427 & n.6 (citing cases).

[10]    *See*, *e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]); *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

**A.  Whether the Court Can Grant Default Judgment to Plaintiff on Its Claim
Against Defendant N. Valade**

After carefully considering the matter, the Court answers the question in the negative for
the reasons stated below.

An entry of default "formalizes a judicial recognition that a defendant has, through its
failure to defend the action, admitted liability to the plaintiff."  *City of New York v. Mickalis
Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  However, "[a] court's decision to enter a
default against defendants does not by definition entitle plaintiffs to an entry of a default
judgment.  Rather, the court may, on plaintiffs' motion, enter a default judgment if liability is
established as a matter of law when the factual allegations of the complaint are taken as true."
*Bricklayers and Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry &
Const., LLC*, 779 F.3d 182, 188 (2d Cir. 2015).

Here, as an initial matter, the Court finds that Plaintiff's submissions meet the procedural
requirements of Local Rule 55.2(b).  (Dkt. 40, Attach. 6; Dkt. No. 40, Attach. 15; Dkt. No. 40,
Attach. 1 [Memo. of Law]; Dkt. No. 40 [Vargas Aff.].)  The Court therefore must assess whether
Plaintiff has sufficiently alleged all the elements of its claim.

Pursuant to New York common law, in a mortgage foreclosure action, "a lender must
prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt."  *U.S.
Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012); *accord, Ditech Fin. LLC
v. Sterly*, 15-CV-1455, 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) (D'Agostino, J.).
Additionally, Article 13 of the New York Real Property Actions and Proceedings Law ("N.Y.
R.P.A.P.L.") (together with N.Y. C.P.L.R. § 6511) sets forth, among other things, the following
four "procedural" requirements, which are substantive in nature: (a) the service of statutory

13

notice (entitled, "Help for Homeowners in Foreclosure") by the foreclosing party on the

mortgagor with the summons and complaint before the commencement of the foreclosure action

(Section 1303), (b) the service of a second statutory notice (entitled, "You May Be At Risk of

Foreclosure") by the mortgage loan servicer on the borrower at least 90 days before the

commencement of a legal action (Section 1304), (c) the filing of certain information by the

lender with the Superintendent of the New York State Department of Financial Services within

three days of mailing the second statutory notice (Section 1306), and (d) the filing of a notice of

pendency of the action (specifying, in addition to other particulars required by law, the date of

the mortgage, the parties thereto and the time and place of recording) by the plaintiff in the

clerk's office of each county where the mortgaged property is situated at least twenty days before

a final judgment directing a sale is rendered, along with  a copy of the complaint unless the

complaint has already been filed in that county (Section 1331 and N.Y. C.P.L.R. § 6511).  *Ditech*

*Fin. LLC*, 2016 WL 7429439, at *4 (citing N.Y. R.P.A.L. §§ 1303, 1304, 1306, and 1331, and

N.Y. C.P.L.R. § 6511); *accord, Nationstar Mortgage LLC v. Atanas*, 285 F. Supp. 3d 618, 621-

22 (W.D.N.Y. 2018).

   The evidence submitted by Plaintiff along with its motion sufficiently shows that it has

met the three common-law elements of a foreclosure action, as well as three of the four above-

described procedural requirements: the requirement that it serve the two statutory notices on the

mortgagor, and the requirement that it file certain information with the Superintendent of the

New York State Department of Financial Services.  (Dkt. No. 40, Attach. 2, at 12-34; Dkt. No.

40, Attach. 3; Dkt. No. 40, Attach. 7; Dkt. No. 40, Attach. 9, at 2-4; Dkt. No. 40, Attach. 14.)

However, despite the fact that Plaintiff supports its motion with numerous exhibits, it has not

shown that it either filed its Complaint with the notice of pendency or that it already filed its Complaint in the Rensselaer County Clerk's Office.  *See* N.Y. C.P.L.R. § 6511(a) ("Unless it has already been filed in that county, the complaint shall be filed with the notice of pendency."). Instead, Plaintiff's exhibits show merely that a notice of pendency was already filed in the Rensselaer County Clerk's Office.  (Dkt. No. 40, Attach. 3.)  Moreover, although the notice of pendency contains the cover page of a summons (*id.* at 5), this alone fails establish that Plaintiff followed all of the procedural requirements of N.Y. R.P.A.P.L. and N.Y. C.P.L.R. § 6511.  *See* N.Y. C.P.L.R. § 6511(a) (expressly requiring the filing of the "complaint").  Both federal and state courts have found that the failure to file a complaint with the notice of pendency renders the notice defective and void.  *See, e.g.*, *Ditech Fin. LLC*, 2016 WL 7429439, at *4-5; *West Coast Servicing, Inc. v. Giammichele*, 19-CV-1193, 2020 WL 5229374, at *4 (N.D.N.Y. Sept. 2, 2020) (Suddaby C.J.); *Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D. 3d 492, 493 (N.Y. App. Div. 2d Dep't 2005), *accord, Basso v. LO Electric/Oliver*, No. 8000071/2014, 2015 WL 1209218, at *7 (N.Y. Sup. Ct., Putnam Cty. March 17, 2015).  As a result, the Court cannot find that Plaintiff has met all the requirements to show liability for the purposes of its motion for default judgment.  *See Ditech Fin. LLC*, 2016 WL 7429439, at *4-5 (denying motion for default judgment without prejudice where the plaintiff provided a notice of pendency with an attached legal description of the property but provided no proof that the complaint had been filed with that notice of pendency); *West Coast Servicing, Inc.*, 2020 WL 5229374, at *4.

For all of these reasons, the Court denies Plaintiff's motion for a default judgment without prejudice.  Plaintiff may refile its motion after correcting the above-described defect but may do so no later than 30 days after the date of this Decision and Order.  *See Slutsky v.*

*Blooming Grove Inn, Inc.*, 147 A.D. 2d 208, 213 (N.Y. App. Div. 2d Dep't 1989) (noting that successive notices can be filed for the purposes of prosecuting to final judgment on a foreclosure action).

### B.  Whether the Court Can Grant Summary Judgment to Plaintiff on Its Claim Against Defendant B. Valade

After carefully considering the matter, the Court finds that Plaintiff has not met its lightened burden on its unopposed motion.[11]  Specifically, the Court finds that Plaintiff's failure to file its Complaint with the notice of pendency or show that it already filed its Complaint in the Rensselaer County Clerk's Office, "renders the notice of pendency 'defective and void.'"  *5316 Church Avenue LLC v. Yhun*, 14-CV-7376, 2017 WL 4233022, at *2 (E.D.N.Y. Sept. 22, 2017) (quoting *Chateau Rive Corp. v. Riverview Partners, LP*, *2005*, 18 A.D.3d 492, 493 [N.Y. App. Div. 2005]).   Without the filing of a valid notice of pendency (or a showing that it already filed its Complaint in the Rensselaer County Clerk's Office), Plaintiff has not complied with the statutory requirements of N.Y. R.P.A.P.L. § 1331.  *See 5316 Church Avenue, LLC*, 2017 WL 4233022, at *2 (denying plaintiff's motion for summary judgment for failure to comply with New York State's statutory requirements).  For this reason, the Court denies Plaintiff's motion for summary judgment without prejudice to refiling within 30 days of the date of this Decision and Order.

---

[11]     The Court notes that, although Plaintiff did not serve Defendants with the District's form notice to *pro se* litigants of the potential consequences of failing to properly oppose a motion for summary judgment (which it is strongly advised to do in the future), Plaintiff's notice suffices (albeit barely) to comply with the Second Circuit's requirements in *Vermont Teddy Bear, Inc. v. 1-800-Beargram Co.*, 373 F.3d 241, 246-47 (2d Cir. 2004), especially given the District's prior provision of courtesy copies to Defendant B. Valade of both its *Pro Se* Handbook and Local Rule 7.1.  (Dkt. No. 40, at 5-16; Dkt. No. 7.)

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 39) is **<u>DENIED</u>** **without prejudice** to refiling within THIRTY (30) DAYS of the date of this Decision and Order; and it is further

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 39) is **<u>DENIED</u>** **without prejudice** to refiling within THIRTY (30) DAYS of the date of this Decision and Order.

Date:   October 22, 2020
       Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge