UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

U.S. BANK TRUST, N.A.,

                      Plaintiff,

v.                                                5:17-CV-0173
                                                (GTS/CFH)
BRIAN VALADE; and NICOLE VALADE,

                      Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

GROSS POLOWY LLC                            STEPHEN J. VARGAS, ESQ.
  Counsel for Plaintiff
900 Merchants Concourse
Suite 412
Westbury, NY 11590

BRIAN VALADE
  Defendant, *Pro Se*
805 Old Schaghticoke Road
Schaghticoke, NY 12154

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this real property foreclosure action arising under diversity jurisdiction and filed by U.S. Bank Trust, N.A. ("Plaintiff") against Brian Valade ("Defendant B. Valade") and Nicole Valade ("Defendant N. Valade"), are Plaintiff's motion for default judgment against Defendant N. Valade pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55, and Plaintiff's motion for summary judgment against Defendant B. Valade pursuant to Fed. R. Civ. P. 56. (Dkt. No. 50.) For the reasons stated below, both Plaintiff's motion for summary judgment and motion for default judgment are denied without prejudice.

I.      RELEVANT BACKGROUND

    A.      **Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint alleges as follows: (1) on October 6, 2006, Defendants executed and delivered a note ("Note") to secure a sum of $67,300.00 plus interest; (2) that same day, Defendants executed and delivered a mortgage ("Mortgage") in the amount of $67,300.00 for a lien on the property located at 805 Old Schaghticoke Road, Schaghticoke, New York 12154, which was recorded on October 11, 2006, at the Rensselaer County Clerk's Office; (3) on January 15, 2007, the Note and Mortgage of October 11, 2006, were consolidated by agreement to form a single lien of $191,887.69 plus interest for a lien on the property located at 805 Old Schaghticoke Road, Schaghticoke, New York 12154, which was recorded on February 27, 2007, at the Rensselaer County Clerk's Office; (4) the consolidated Mortgage was subsequently assigned to Plaintiff as Trustee for the LSF8 Master Participation Trust; (5) Plaintiff is in physical possession and is the owner and holder of the Note and Mortgage, and any applicable recording tax was duly paid at the time of recording; (6) Defendants failed to comply with the terms and provisions of the modified Mortgage by failing to make monthly payments due on April 19, 2013, and the default continues to date; and (7) Plaintiff has complied with the contractual provisions of the loan documents by issuing the proper Default Notices under New York Real Property Actions and Proceedings Law ("N.Y. R.P.A.P.L."). (*See generally* Dkt. No. 1.)

Generally, based on these factual allegations, Plaintiff's verified Complaint requests a Judgment declaring as follows: (1) that the amount due to Plaintiff for principal, interest, late charges, taxes, assessments, insurance, maintenance, and preservation of property and other

2

similar charges, together with costs, allowances, expenses of sale, reasonable attorney's fees, all with interest, be entered on behalf of the Plaintiff; (2) that a referee be appointed to sell the property at auction to the highest bidder, in accordance with N.Y. R.P.A.P.L. Article 13; (3) that each Defendant, and all persons under them, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the mortgaged premises and each and every part and parcel thereof; (4) that the monies arising from the sale thereof may be bought into Court; (5) that Plaintiff be paid out of the sale proceeds the amount due on the Note and Mortgage, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances, and disbursements of this action; (6) that the premises may be sold in as is condition, subject to the facts of an inspection or accurate survey of the property; (7) that Plaintiff may purchase the property at sale; (8) that a receiver be appointed for the property, if requested by Plaintiff; (9) that the Court enter a deficiency judgment against Defendants, to the extent allowable by law, for the amount that remains due after distribution of the sale proceeds, unless the debt was discharged in bankruptcy or is otherwise uncollectable, if requested by Plaintiff; (10) that other lien(s) shall not be merged into Plaintiff's cause(s) of action in the event that Defendants possess any other lien(s) against the mortgaged premises, and that Plaintiff, as a subordinate lienholder, be allowed to share in any surplus proceeds resulting from the sale; and (11) that Plaintiff be granted other and further relief as may be just and equitable. (*Id.*)

    **B.**    **Procedural History**

On February 17, 2017, Plaintiff served the Complaint on Defendants. (Dkt. No. 1.) As of the date of this Decision and Order, Defendant N. Valade has not filed an Answer to that

Complaint. (*See generally* Docket Sheet.) On March 28, 2017, Defendant B. Valade filed a *pro se* Answer to Plaintiff's Complaint. (Dkt. No. 6.) On May 5, 2017, Plaintiff filed a request for entry of default against Defendant N. Valade. (Dkt. No. 13.) On May 8, 2017, the Clerk of Court entered a default against Defendant N. Valade. (Dkt. No. 14.) On January 18, 2018, Plaintiff filed a motion for default judgment against Defendant N. Valade pursuant to Fed. R. Civ. P. 55(a) and N.D.N.Y. L.R. 55.2(a), and a motion for summary judgment against Defendant B. Valade pursuant to Fed. R. Civ. P. 56. (Dkt. No. 24.) On April 17, 2018, Plaintiff filed a status report, informing the Court that Defendant B. Valade filed a Chapter 13 bankruptcy petition, and requested the Court hold Plaintiff's summary judgment motion in abeyance during the automatic stay imposed by 11 U.S.C. § 362. (Dkt. No. 26.) On April 18, 2018, the Court entered an order statistically closing this case until a motion to reopen the case was filed. (Dkt. No. 27.) On October 16, 2019, Plaintiff filed a motion to reopen this case. (Dkt. No. 37.) On October 23, 2019, the Court granted Plaintiff's motion. (Dkt. No. 38.)

On November 22, 2019, Plaintiff again filed its motion for default judgment against Defendant N. Valade pursuant to Fed. R. Civ. P. 55(a) and N.D.N.Y. L.R. 55.2(a), and its motion for summary judgment against Defendant B. Valade pursuant to Fed. R. Civ. P. 56. (Dkt. No. 39.) Neither Defendant responded to Plaintiff's motions nor attempted to cure any of the entries of default. (*See generally* Docket Sheet.) On October 22, 2020, the Court issued a Decision and Order (the "First Decision and Order") denying without prejudice both Plaintiff's motion for default judgment against Defendant N. Valade and its motion for summary judgment against Defendant B. Valade. (Dkt. No. 44.) The First Decision and Order directed Plaintiff to refile its motions within thirty (30) days. (*Id.*)

4

On November 24, 2020, Plaintiff filed an Extension of Time to Re-file the Motion for Summary Judgment and Related Relief (Dkt. No. 45), which the Court granted. (Dkt. No. 46.) On December 30, 2020, Plaintiff filed a status report addressing the New York COVID-19 Emergency Eviction and Foreclosure Prevention Act's imposition of at least a sixty-day stay of any action to foreclose a mortgage pending on the Act's effective date (i.e., December 28, 2020). (Dkt. No. 48.) The Court accordingly stayed the case until February 27, 2021, and provided Plaintiff until March 29, 2021, to file its renewed motions. (Dkt. No. 49.)

On March 24, 2021, Plaintiff filed the current motion for default judgment against Defendant N. Valade and motion for summary judgment against Defendant B. Valade. (Dkt. No. 50.) The Court set the deadline for Defendants to file a response to these motions for April 14, 2021. (*See generally* Docket Sheet.) As of the date of this Decision and Order, neither Defendant has responded to Plaintiff's motions nor attempted to cure any of the entries of default.

### C. Undisputed Material Facts

Unless otherwise noted, the following facts were asserted and supported with accurate citations by Plaintiff in its Statement of Material Facts and not denied by either Defendant in a response thereto.[1] (Dkt. No. 52.)

1. Plaintiff is a national banking association with its main office located at 300 East Delaware Avenue, 8th Floor, Wilmington, Delaware, 19809.

2. Defendants B. Valade and N. Valade are each individual citizens of New York, and

---

[1] Plaintiff is again respectfully reminded that, pursuant to the Court's Local Rules of Practice, Statement of Material Facts must contain *specific* citations to the record (which consist of page numbers within exhibits, or citations to numbered paragraphs, not general citations to exhibits). N.D.N.Y. L.R. 7.1(a)(3).

co-owners of the property located at 805 Old Scaghticoke Road, Scaghticoke, New York 12154.

3. On October 6, 2006, Defendants obtained a mortgage loan ("Mortgage") from Household Finance Realty Corporation of New York ("Household Finance") in the amount of $185,998.16, to purchase the property located at 805 Old Schaghticoke Road, Schaghticoke, New York 12154. On October 11, 2006, this Mortgage was recorded in the Rensselaer County Clerk's Office.

4. On January 15, 2007, Defendants entered into a Mortgage and Consolidation Agreement with Household Finance for the real property located at 805 Old Schaghticoke Road, Schaghticoke, New York 12154.

5. Plaintiff is the holder of the promissory note ("Note") and Mortgage because the Mortgage was assigned to Plaintiff on August 4, 2015.

6. There is a default under the terms and conditions of the Note and Mortgage because the payment of May 19, 2013, as well as subsequent payments, were not made.

7. In compliance with N.Y. R.P.A.P.L. § 1304, a ninety-day pre-foreclosure notice was sent to Defendants B. Valade and N. Valade by first class and certified mail to 805 Old Schaghticoke Road, Schaghticoke, NY 12154 (which is the last known address of Defendant B. Valade) and to 174 Schoolhouse Road, Schoharie, NY 12157 (which is Defendant N. Valade's last known address).

8. On August 10, 2016, Caliber Home Loans, Inc. filed notice with the Superintendent of Financial Services (confirmation number NYS4051770), as required under N.Y. R.P.A.P.L. § 1306(2).

9. On October 4, 2016, a notice of default was mailed to Defendant B. Valade by first class mail to P.O. Box 271, Schaghticoke, NY 12154, and to Defendant N. Valade by first class mail to 174 Schoolhouse Road, Schoharie, NY 12157.

### D.    Summary of Parties' Briefing on Plaintiff's Motions

#### 1.    Plaintiff's Motion for Default Judgment

Generally, in support of its motion for default judgment, Plaintiff argues as follows: (1) it has established grounds for the issuance of a default judgment against Defendant N. Valade on the issues of both liability and damages; and (2) in addition to establishing an entitlement to recover damages under the Mortgage and Note, Plaintiff is entitled to recover its attorney's costs and disbursements in connection with the commencement and prosecution of this action. (*See generally* Dkt. No. 51 [Plaintiff's Memo. of Law].)[2]

Defendant N. Valade has not responded to the motion, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

#### 2.    Plaintiff's Motion for Summary Judgment

Generally, in support of its motion for summary judgment, Plaintiff argues as follows: (1) it established a prima facie case to foreclose Defendants' Mortgage under New York law by submitting evidence of Defendants' failure to make mortgage payments, and, because Plaintiff established its prima facie case, the burden shifts to Defendant B. Valade to make an affirmative showing that substantiates the affirmative defenses claimed in the Answer, with evidentiary proof; (2) Defendant B. Valade's affirmative defenses are meritless because (a) Plaintiff's Complaint

---

[2] Plaintiff is again respectfully reminded that, pursuant to the Court's Local Rules of Practice, memoranda of law must contain a table of contents. N.D.N.Y. L.R. 7.1(a)(1).

alleges a legally sufficient cause of action to foreclose a mortgage by setting forth the existence of a note (the repayment of which is secured by a mortgage) and Defendant B. Valade defaulted in the repayment of the Note and Mortgage, (b) Defendant B. Valade failed to demonstrate that he made payments during his bankruptcy proceedings that were not properly credited by Plaintiff, and (c) Plaintiff complied with the requirements of N.Y. R.P.A.P.L. § 1304; and (3) in addition to establishing an entitlement to recover damages under the Mortgage and Note, Plaintiff is entitled to recover its attorney's costs and disbursements in connection with the commencement and prosecution of this action. (*See generally* Dkt. No. 51 [Plaintiff's Memo. of Law].)

Again, Defendant B. Valade has not responded to the motion, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standards Governing Motions for Default Judgment and Summary Judgment

Because the Court recited the relevant legal standards governing motions for default judgment and motions for summary judgment in its First Decision and Order (Dkt. No. 44), the Court will not recite the well-known legal standards in this Decision and Order but will direct the reader to the Court's First Decision and Order. (*Id.*)

## III. ANALYSIS

### A. Whether the Court Can Grant Default Judgment to Plaintiff on Its Claim Against Defendant N. Valade

After carefully considering the matter, the Court answers the question in the negative for the reason stated below.

Plaintiff has not rectified the procedural issue identified in this Court's First Decision and

Order denying Plaintiff's previous motion for default judgment, preventing the Court from granting Plaintiff's current motion. In its current motion, Plaintiff states that the Court denied its previous motion for default judgment and motion for summary judgment without prejudice "because the Notice of Pendency expired." (Dkt. No. 51 at 5.) Plaintiff misunderstands the Court's First Decision and Order. In its First Decision and Order dated October 22, 2020, the Court found Plaintiff's submissions met the procedural requirements of Local Rule 55.2(b). (Dkt. No. 44 at 13.) Additionally, the Court held that Plaintiff's evidence sufficiently showed the elements of a mortgage foreclosure action under New York common law (i.e., Plaintiff proved "(1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt"), as well as three of the four "procedural" requirements set forth under Article 13 of the New York Real Property Actions and Proceedings Law ("N.Y. R.P.A.P.L.") (together with N.Y. C.P.L.R. § 6511). (*Id.* at 13-14.) However, the Court denied Plaintiff's motion for default judgment against Defendant N. Valade because Plaintiff "ha[d] not shown that it either filed its Complaint with the notice of pendency or that it already filed its Complaint in the Rensselaer County Clerk's Office," as N.Y. C.P.L.R. § 6511(a) requires. (*Id.* at 15.) Because "failure to file a complaint with the notice of pendency renders the notice defective and void," the Court could not "find that Plaintiff ha[d] met all the requirements to show liability for the purposes of its motion for default judgment." (*Id.*). *See also* N.Y. C.P.L.R. § 6511(a) ("Unless it has already been filed in that county, the complaint *shall* be filed with the notice of pendency.") (emphasis added).

In the current motion, Plaintiff does not provide the Court with any evidence that it filed the Complaint in the Rensselaer County Clerk's Office as required by N.Y. C.P.L.R. § 6511(a). As an exhibit to Plaintiff's Declaration in Support of Motion (Dkt. No. 53), Plaintiff attaches the

Successive Notice of Pendency of Action it filed in the Rensselaer County Clerk's Office on October 28, 2020. (Exhibit O, Dkt. No. 53-15.) Like its predecessor, the Successive Notice of Pendency of Action does not include a copy of the Complaint. (*Id.*) Rather, the Successive Notice of Pendency of Action merely attaches a legal description of the subject land. (*Id.*) The Court continues to not have proof that Plaintiff complied with N.Y. C.P.L.R. § 6511(a), which expressly requires Plaintiff to file the Complaint with the notice of pendency where Plaintiff has not already filed the Complaint in that county. The Court therefore cannot find that Plaintiff met all requirements to show liability for the purposes of its motion for default judgment. *See West Coast Servicing, Inc. v. Giammichele*, 19-CV-1193, 2020 WL 5229374, at *4 (N.D.N.Y. Sept. 2, 2020) (Suddaby, C.J.) (finding the notice of pendency, which "merely provide[d] a description of the mortgaged property," did not satisfy the procedural requirements set forth in N.Y. C.P.L.R. § 6511(a)); *Ditech Fin. LLC v. Sterly*, 5:15-cv-1455, 2016 WL 7429439, at *4 (N.D.N.Y. Dec. 23, 2016) (D'Agostino, J.) ("The failure to file a complaint with the notice renders Plaintiff's notice defective and void."); *Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D. 3d 492, 493 (N.Y. App. Div. 2d Dep't 2005) ("The plaintiff's filing of a notice of pendency unaccompanied by a copy of the complaint was contrary to the plain language of C.P.L.R. 6511(a)….").

For this reason, the Court denies Plaintiff's motion for a default judgment without prejudice. Plaintiff may refile its motion after correcting the above-described defect but may do so no later than 30 days after the date of this Decision and Order. *See Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D. 2d 208, 213 (N.Y. App. Div. 2d Dep't 1989) (noting that successive notices can be filed for the purposes of prosecuting to final judgment on a foreclosure action).

**B.     Whether the Court Can Grant Summary Judgment to Plaintiff on Its Claim Against Defendant B. Valade**

10

After carefully considering the matter, the Court answers the question in the negative. Plaintiff's failure to file its Complaint with the notice of pendency or show previous filing of the Complaint in the Rensselaer County Clerk's Office "renders the notice of pendency 'defective and void.'" *5316 Church Avenue LLC v. Yhun*, 14-CV-7376, 2017 WL 4233022, at *2 (E.D.N.Y. Sept. 22, 2017) (quoting *Chateau Rive Corp.*, 18 A.D.3d at 492)). Without a valid notice of pendency, the Court cannot find that Plaintiff met all requirements to show liability for the purposes of its motion for summary judgment. For this reason, the Court denies Plaintiff's motion for summary judgment without prejudice to refiling within 30 days of the date of this Decision and Order.

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 50) is **DENIED without prejudice** to refiling within THIRTY (30) DAYS of the date of this Decision and Order; and it is further

**ORDERED** that Plaintiff's motion for default judgment (Dkt. No. 50) is **DENIED without prejudice** to refiling within THIRTY (30) DAYS of the date of this Decision and Order.

Date:   October 8, 2021
        Syracuse, New York

_____
Glenn T. Suddaby
Chief U.S. District Judge